IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NONA RAY, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No. 08-CV-____ |
| -vs- ) | |
| ) | FILED: DECEMBER 22, 2008 |
| CITY OF CHICAGO ) | 08 CV 7274 |
| and P.O. MALINOWSKI #7028, ) | JUDGE ZAGEL |
| ) | MAGISTRATE JUDGE BROWN |
| *Defendants.* ) | JH |

# COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983; the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 and 28 U.S.C. §1367.

2. Plaintiff Nona Ray is a resident of the Northern District of Illinois.

3. Defendant City of Chicago is an Illinois municipal corporation.

4. Defendant Malinowski is a Chicago police officer and is sued in his individual capacity.

5. On October 17, 2008, defendant Malinowski observed plaintiff operating a motor vehicle at night without headlights and effected a traffic stop. Plaintiff does not challenge the legality of the traffic stop.

6. After stopping plaintiff, Malinowski ordered plaintiff and her passenger out of the vehicle and subjected the two to a pat-down search.

7. While plaintiff was out of her vehicle, Malinowski or his partner planted a controlled substance in plaintiff's vehicle and subjected plaintiff to a full

custodial arrest.

8. Thereafter, Malinowski or his partner caused plaintiff to be charged with a criminal offense. In addition, Malinowski or his partner caused plaintiff's vehicle to be impounded pursuant to Section 7-24-225 of the Chicago Municipal Code.

9. Plaintiff contested the eligibility of her vehicle for impoundment and the Department of Administrative Hearings of the City of Chicago conducted a hearing on November 19, 2008.

10. At all times relevant, Section 7-24-225(a) provided in pertinent part that as follows:

> The owner of record of any motor vehicle that contains any controlled substance or cannabis, as defined in the Controlled Substances Act, 720 ILCS 570/100, et seq., and the Cannabis Control Act, 720 ILCS 550/1, et seq., or that is used in the purchase, attempt to purchase, sale or attempt to sell such controlled substances or cannabis shall be liable to the city for an administrative penalty of $1,000.00 plus any applicable towing and storage fees. Any such vehicle shall be subject to seizure and impoundment pursuant to this section.

11. Plaintiff was unable to prove that her vehicle had not contained any controlled substance and, on the basis of hearsay testimony, in an order entered on November 19, 2008, the Department of Administrative Hearings found plaintiff "liable," and entered judgment in the amount of $2,180.

12. **Claim I (Section 1983):** Plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States by the above referred acts of defendant Malinowski.

13. **Claim II (Supplemental State Claim of Administrative Review):** The order of the Department of Administrative Hearings finding plaintiff "liable" is arbitrary, unreasonable, against the manifest weight, and was entered pursuant to an unconstitutional ordinance.

14. Plaintiff hereby demand trial by jury on her claims against defendant Malinowski.

WHEREFORE plaintiff requests that judgment be entered against defendant Malinowski in an amount in excess of fifty thousand dollars as compensatory damages and an equal amount of punitive damages and that the Court reverse the order of the Department of Administrative Hearings finding plaintiff "liable."

*/s/ Kenneth N. Flaxman*

KENNETH N. FLAXMAN
ARDC No. 830399
200 S Michigan Ave Ste 1240
Chicago, IL 60604-2430

(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)

*attorney for plaintiff*