IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NONA RAY, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 7274 |
| | ) | |
| | ) | Judge Zagel |
| v. | ) | |
| | ) | |
| | ) | |
| CITY OF CHICAGO and | ) | |
| P.O. MALINOWSKI #7028 | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

Defendants City of Chicago and Officer Malinowski, by and through one of their attorneys, Christopher A. Wallace, Assistant Corporation Counsel for the City of Chicago, move to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In addition, Defendants move to dismiss Count II pursuant to Rule 12(b)(7) because plaintiff has failed to name a required party under Rule 19 and the Illinois Administrative Review Law 735 ILCS 5/3-107(a) (2008). In support of their motion, Defendants state as follows:

1.  Plaintiff Nona Ray filed this lawsuit on December 22, 2008, and set forth two counts in her complaint. She complains about an October 17, 2008, arrest from which liability was apparently imposed during an impoundment proceeding held by the Department of Administrative Hearings. Count I alleges that Defendants deprived her of rights secured by the "fourth and fourteenth amendments" based upon the facts alleged in paragraphs five (5) through eleven (11). (Pl. Complt. ¶¶ 5-11, 12). Count II ("Administrative Review"), alleges that the "[o]rder of the Department of Administrative Hearings finding Plaintiff 'liable' is arbitrary, unreasonable, against the manifest weight, and was entered pursuant to an unconstitutional ordinance." (Pl. Complt. ¶ 13).

2. To the extent plaintiff alleges a Fourth Amendment violation, the complaint fails as a matter of law because there was probable cause to arrest plaintiff and probable cause absolutely bars her false arrest claim. In addition, Officer Malinowski is qualifiedly immune from liability for any allegation that he violated plaintiff's right to be free from unreasonable search or seizure under the Fourth Amendment.

3. To the extent plaintiff seeks to predicate Count I upon her allegation that Officer Malinowski "or his partner" planted drugs in the car and subsequently charged her with a criminal offense, (Pl. Complt. ¶¶ 7-8), her claim too fails because a claim for wrongful or malicious prosecution cannot be recast as a cause of action under § 1983 as the Seventh Circuit has soundly eliminated this claim as a constitutional tort. *See Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001) (no Fourteenth Amendment malicious prosecution claim); *see also McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (same).

4. Count II should be dismissed because there no longer remains any constitutional claims by which to support supplemental jurisdiction under 28 U.S.C. § 1367.

5. To the extent plaintiff is making a constitutional challenge to the ordinance the Court should dismiss this claim because the complaint is entirely devoid of any facts to substantiate her naked allegation that the ordinance is unconstitutional. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-54 (2009). However, even if the Court were to determine that plaintiff has pled enough to warrant consideration of her claim as a challenge to the constitutionality of the impoundment ordinance, the Seventh Circuit has soundly rejected this argument in *Towers v. City of Chicago*, 173 F.3d 619, 623-30 (7th Cir. 1999) (upholding challenge to impoundment ordinance).

6. Finally, Count II should be dismissed because plaintiff has failed to name the Department of Administrative Hearings, a required party under Illinois Administrative Review law and Rule 19. *See* 735 ILCS 5/3-107(a) (2008) (requiring that administrative agency be named as

defendant in administrative review claims). Plaintiff should at least be required to comply with the mandates of 735 ILCS 5/3-107(a) (2008) in that the Court should order plaintiff to name and serve the DAH within thirty-five days of the entry of an order finding a failure to name a required party.

7.  In support of this motion, Defendants have filed a Memorandum of Law in Support, which Defendants incorporate herewith.

**WHEREFORE**, for the reasons stated herein and in Defendants' Memorandum in Support of their Motion to Dismiss, Plaintiff's complaint should be dismissed.

Respectfully submitted,

/s/ *Christopher A. Wallace*
Christopher A. Wallace

City of Chicago Department of Law
30 N. LaSalle St.
Ste. 1400
Chicago, IL 60602
T: (312) 742-6408
F: (312) 744-6566
ARDC # 6278655

## CERTIFICATE OF SERVICE

I, Christopher Wallace, hereby certify that on June 25, 2009, I caused a copy of the foregoing motion to be served upon all counsel of record by filing the same before the Court via the ECF system.

/s/ *Christopher Wallace*
Christopher Wallace