# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NONA RAY,

    Plaintiff,

    v.

CITY OF CHICAGO, and P.O.
MALINOWSKI #7028,

    Defendants.

No. 08 C 7274

Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On October 17, 2008, Defendant Officer Malinowski ("Malinowski") observed Plaintiff operating a motor vehicle at night without headlights turned on. Malinowski and his partner proceeded to effect a traffic stop of which Plaintiff does not dispute the validity. Malinowski then ordered Plaintiff and her passenger, Morgan Boyd ("Boyd"), out of the car. After Plaintiff and Boyd stepped out of the vehicle, a controlled substance was confiscated from inside the car. Plaintiff alleges that Malinowski, or his partner, planted the controlled substance in Plaintiff's vehicle. Plaintiff was then arrested and charged with criminal offenses. These charges were later dismissed. Additionally, pursuant to Chicago Municipal Code § 7-24-225, Plaintiff's vehicle was impounded. According to this section of Chicago's Municipal Code, the owner of record of any motor vehicle found to contain any controlled substance is liable to the City for a penalty of $1,000 plus any applicable towing and storage fees. On November 19, 2008 the Department of Administrative Hearings found Plaintiff liable under Chicago Municipal Code § 7-24-225 (a) and entered a judgment in the amount of $2,180.

Plaintiff asserts two claims in her complaint. She brings Count I against Malinowski under 42 U.S.C § 1983 alleging that she was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States. Count II is a supplemental state claim for administrative review of the administrative finding that Plaintiff was "liable" under Chicago Municipal Code § 7-24-225 (a). Additionally, in Count II Plaintiff asserts that Chicago ordinance, Chicago Municipal Code § 7-24-225 (a), is unconstitutional because it does not provide a defense to innocent vehicle owners who are found liable because of wrongdoing by police officers. Defendants now move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) and Count II pursuant to Rule 12(b)(7).

This is a case that should have been brought in state court. Assuming the truth of all allegations asserted in the complaint, which I do, all this federal filing did was to delay substantially the remedy Plaintiff ought to have based on the facts stated in her complaint. For the following reasons, Defendants' motion to dismiss is granted.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires that I analyze the legal sufficiency of the complaint, and not the factual merits of the case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I must take all facts alleged in Plaintiff's complaint as true and draw all reasonable inferences from those facts in favor of the Plaintiff. *Caldwell v. City of Elmwood*, 959 F.2d 670, 671 (7th Cir. 1992). Plaintiff, for her part, must do more than solely recite the elements for a violation; she must plead with sufficient particularity so that her right to relief is more than a mere conjecture. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must plead her facts so that, when accepted as true, they show the plausibility of her claim for relief. *Ashcroft v. Iqbal*, 129

S.Ct. 1937, 1949 (2009). Plaintiff must do more than plead facts that are "consistent with Defendants' liability" because that only shows the possibility, not the plausibility, of her entitlement to relief. *Id.* (internal quotations omitted).

## III. DISCUSSION

### A. Count I

Plaintiff's first count asserts violations of the Fourth and Fourteenth Amendments. Plaintiff alleges that Malinowski had no probable cause to take her into custody and that he withheld exculpatory evidence from the prosecutors relating to her criminal charges. Plaintiff also asserts that she was maliciously prosecuted by Malinowski. For the purposes of clarity and thoroughness I will analyze the merits of Count I under both the Fourth and Fourteenth Amendments individually.

#### 1. Fourth Amendment

The Supreme Court has made clear that probable cause "applie[s] to all arrests, without the need to 'balance' the interests and circumstances involved in particular situations." *Atwater v. City of Lago Vista* 532 U.S. 318, 354-355, 121 (2001) (citing *Dunaway v. New York,* 442 U.S. 200, 208 (1979)). When an officer has probable cause to believe that even a minor offense has been committed in his presence, "he may, without violating the Fourth Amendment, arrest the offender." *Id*. at 354. Plaintiff does not dispute the fact that a minor traffic violation was committed in the presence of Malinowski. In fact, Plaintiff admits in her complaint that the traffic stop, prompted by her driving a motor vehicle at night without headlights, was legal. In

accordance with *Atwater*, this lawful traffic stop alone provides sufficient basis for Plaintiff's arrest.[1] Therefore, Plaintiff's Count I for relief under the Fourth Amendment fails.

    2. Fourteenth Amendment

The Fourteenth Amendment guarantees the right to due process. U.S. CONST. amend. XIV § 1. Plaintiff asserts in her complaint that she suffered due process violations because Malinowski withheld exculpatory evidence and because she was subjected to malicious prosecution.

In accordance with this right, as recognized by *Brady*, it is the constitutional duty of the prosecution to turn over exculpatory or impeaching evidence to a defendant in a criminal proceeding. *Carvajal v. Dominguez*, 542 F.3d 561, 566 (7th Cir. 2008) (citing *Brady v. Maryland*, 373 U.S. 83 (1963)). The duty to turn over exculpatory evidence extends not only to prosecutors, but also to the police. *Id*. A *Brady* violation consists of three basic elements: "(1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued- in other words, 'materiality'." *Id*. at 566-57. "Evidence is 'material' 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id*.at 567 (citing *Strickler v. Greene*, 527 U.S. 263, 280-281 (1999)). *Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008) furthers the analysis of materiality by including inquiry into whether "the decision to go to trial would have been affected by the allegedly withheld

---

[1]In her response, Plaintiff states that she has a viable Fourth Amendment false imprisonment claim against Malinowski. This cause of action appears nowhere in the complaint and Plaintiff asserts no facts in support of such a claim.

evidence." Although it may be possible to make a successful *Brady* claim even where the defendant is acquitted (*Bielanski*, 550 F.3d at 645), the Seventh Circuit has expressed doubt that "the acquitted defendant can ever establish the requisite prejudice for a *Brady* violation." *Carvajal*, 542 F.3d at 570.

Plaintiff asserts that Malinowski violated her due process rights by withholding exculpatory information from the prosecutor, namely that Malinowski, or his partner, planted the contraband found in Plaintiff's car. Because Malinowski allegedly withheld this evidence, Plaintiff was "required to appear in Court on false charges." Plaintiff admits in her response that the charges related to the contraband seizure were dismissed at her first court appearance. Even assuming the truth of Plaintiff's assertion that Malinowski or his partner planted a controlled substance in her car, these actions fail to meet the materiality threshold required to successfully assert a *Brady* claim under the Fourteenth Amendment.

Plaintiff also alleges that she was subjected to malicious prosecution by Malinowski because he planted evidence in her car and did not disclose this fact to prosecutors. As the Seventh Circuit noted in *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001), states that have an available common law tort of malicious prosecution do not recognize malicious prosecution claims under the Fourteenth Amendment. As there is no recognized constitutional right to prosecution without probable cause, a plaintiff cannot assert a § 1983 claim by simply alleging wrongful prosecution. *Newsome*, at 750-752. As noted in *McCann*, a plaintiff cannot merely style a claim as a constitutional tort where a state malicious prosecution tort is available to him. *McCann v. Magialardi*, 337 F.3d 782, 786 (7th Cir. 2003).

5

The cause of action for malicious prosecution is "firmly established in Illinois" (*Porter v. City of Chicago*, No. 1-06-1438, 2009 WL 2413928, at * 2 (Ill.App. July 31, 2009)) and the Illinois Supreme Court has clearly established the elements necessary to establish a malicious prosecution cause of action. *Swick v. Liautaud*, 662 N.E.2d 1238 (1996). Because Illinois recognizes the tort of malicious prosecution, Plaintiff has no cause of action for a constitutional claim of malicious prosecution.

For the foregoing reasons, Defendants' motion to dismiss Count I is granted.

**B. Count II**

Plaintiff's second count asks this Court to review the decision of Department of Administrative Hearings and challenges § 7-24-225 of the Chicago Municipal Code as unconstitutional. Plaintiff invokes this Court's supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367 but notes in the substance of the count her constitutional claims. Defendants challenge this count according to both Rule 12(b)(6) and Rule 12(b)(7). Because I dismiss this claim on other grounds, I need not reach the merits of Defendants' argument pursuant to Rule 12(b)(7). As noted above, I am dismissing Plaintiff's Count I. Defendants argue that Count II must now be dismissed for want of subject matter jurisdiction. As the substance of Count II also suggests that this Court has jurisdiction over this count as it presents a federal question in the form of a constitutional challenge, I will address the issue of whether or not Plaintiff states a claim sufficient to survive this motion to dismiss. I find that Plaintiff does not.

I need not reach the constitutionality of the Chicago ordinance because this issue is not ripe for review. Plaintiff pleads no facts to support her allegation that the challenged ordinance is unconstitutional and does not even imply that she raised the defense of police misconduct at her

administrative hearing. In fact, the transcript of the administrative hearing shows that this defense was not raised at all. Furthermore, without raising the defense, it is difficult to see how the finding of the Department of Administrative Hearings is "arbitrary, unreasonable" and "against the manifest weight" as Plaintiff asserts in her complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the complaint is granted.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: October 7, 2009